IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOE HENRY SCOTT, III,              :

    Plaintiff,                  :

vs.                                :       CIVIL ACTION 09-0730-KD-C

JERRY FERRELL, et al.,             :

    Defendants.                 :


REPORT AND RECOMMENDATION

    Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1) on an outdated form. Plaintiff, however, failed to pay the required filing fee of $350.00, see 28 U.S.C. § 1914, or file a motion to proceed without prepayment of fees, see 28 U.S.C. §1915(a). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to obey the Court's orders.

    On November 13, 2009, the Plaintiff was ordered to complete and file this Court's form for a complaint under 42 U.S.C. § 1983 and to pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees by December 10, 2009. Plaintiff filed several motions in this action, none of which responded to the Court's order dated November 13, 2009.

    On January 6, 2010, Plaintiff notified the Court of a change in his address (Doc. 9). That address indicated that Plaintiff was no longer incarcerated. However, Plaintiff

filed this action while he was a prisoner and, as a consequence, is obligated to the pay the entire $350.00 filing fee in this action. Gay v. Texas Dept. of Corrections State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1).

Plaintiff was ordered to pay the required filing fee of $350.00 by April 20, 2010, if Plaintiff wanted to proceed with the prosecution of this action (Doc. 11). The Court informed Plaintiff that if he was unable to pay the amount owed in one, lump-sum payment at this time, he could file a new motion to proceed without prepayment of fees by April 20, 2010. Further, Plaintiff was advised that if he filed a new motion, the Court would set a payment schedule for the balance owed after its review of the new motion. Nevertheless, this action would not proceed until the Court receives within the prescribed time the payment of $350.00 or a new motion to proceed without prepayment of fees. Plaintiff was warned that the failure to comply with this order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's order. Plaintiff has not paid the $350.00 filing fee, has not filed a motion to proceed without prepayment of fees, nor has he otherwise responded to the Court's order.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, the Court recommends that, through its inherent powers, this action be dismissed without prejudice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d

1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the filing fee and wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay. *Wilson,* 414 F.3d at 1320 (citing to *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to a pay partial filing fee)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 23rd day of April 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).